**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-56610 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-00601-MMM-JEM |
| v. | |
| JOEL L. BOYCE; DELYNN E. BOYCE, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Joel L. and Delynne E. Boyce appeal pro se from the district court's

summary judgment for the United States in its action to reduce to judgment federal

income tax assessments from tax years 1998 to 2008.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the existence of subject matter

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction and summary judgment. *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992). We affirm.

The district court properly concluded that it had subject matter jurisdiction over the action. *See* 26 U.S.C. § 7402(a) (district courts have such jurisdiction to render judgments and decrees necessary or appropriate for the enforcement of the internal revenue laws).

The district court properly granted summary judgment for the government to reduce assessments to judgment because the government submitted Form 4340 for years 1998 to 2008, and the Boyces failed to raise a genuine dispute of material fact as to the insufficiency of the notices of deficiencies and assessments for those tax years. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (Internal Revenue Service assessments for unpaid taxes entitled to presumption of correctness unless taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *see also Hughes*, 953 F.2d at 535 (absent contrary evidence, official certificates, such as a Form 4340, constituted proof of fact that assessments were actually and properly made).

The district court properly granted summary judgment for the government to foreclose on the tax lien, and properly ordered the sale of the Boyces' property,

14-56610

because the Boyces failed to raise a genuine dispute of material fact as to whether there was a nominee relationship or fraudulent conveyance. *See* 26 U.S.C. § 7403(a), (c) (authorizing district court to decree a sale of property subject to federal tax lien according to its findings regarding the interests of all parties); *see also* Cal. Civ. Code § 3439.04(a)(1) (a transfer made by a debtor is voidable if it is made with an "actual intent to hinder, delay, or defraud any creditor of the debtor"); *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1069 (9th Cir. 2013) (finding nominee relationship where taxpayer continued to exercise substantial control over the property in question).

We reject as without merit the Boyces' contentions concerning the government's authority to bring this action and alleged judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Boyces' request for judicial notice, set forth in their opening brief, is denied.

**AFFIRMED.**